UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SAMBIT PATTANAYAK,**<br><br>    Plaintiff,<br><br>v.<br><br>**MASTERCARD, INC.,**<br><br>    Defendant. | Civ. No. 20-12640 (KM) (JBC)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion (DE 6) of defendant Mastercard, Inc. ("Mastercard")[1] to dismiss the complaint for lack of personal jurisdiction and failure to state a claim. Because Plaintiff Sambit Pattanayak has failed to meet his burden of establishing personal jurisdiction, the complaint is dismissed without prejudice.

For the reasons set forth below, the motion is **GRANTED.**

---

[1] Defendant states that it is incorrectly named in this action as "Mastercard, Inc." and is accurately named "Mastercard International Incorporated." (Def. Brf. at 1.)

1

## I. Background[2]

The plaintiff, Sambit Pattanayak, is a New Jersey resident and former employee of defendant Mastercard.[3] (Compl. at 1.) Mastercard is a non-New Jersey[4] corporation with its principal place of business in New York. (Compl. ¶ 1; Def. Brf. at 5.)

The facts alleged revolve around allegations of employment discrimination. Because this motion concerns jurisdictional issues and not the allegations themselves, they are not recounted in their entirety. The Complaint alleges that Pattanayak was a resident of New Jersey when he was hired in 2012 as Vice President of Product Management in Mastercard's New York offices. (Compl. ¶ 2.) In 2015, he was transferred to Singapore, where he reported to a supervisor based in New York. (Compl. ¶ 3.) Pattanayak is of Indian national origin and alleges that he suffered continuous discriminatory conduct for nearly two and a half years. (Compl. ¶¶ 9, 12.) Some of the allegations of include that a superior cursed at him during a group meeting in New York and threatened him afterward, that the same superior pushed for

---

[2] For ease of reference, certain key items from the record will be abbreviated as follows:

| | | |
|---|---|---|
| "DE_" | = | Docket Entry in this Case |
| "Compl." | = | Complaint filed in Superior Court of New Jersey (DE 1-1) |
| "Mot." | = | Defendant's Motion to Dismiss (DE 6) |
| "Def. Brf." | = | Memorandum of Law in Support of Defendant's Motion to Dismiss (DE 7) |
| "Pl. Brf." | = | Memorandum of Law in Opposition to Defendant's Motion to Dismiss (DE 10) |
| "Def. Reply" | = | Reply Memorandum of Law (DE 12) |

[3] The facts are described as alleged in the Complaint. For purposes of a Rule 12(b)(6) motion, the well-pleaded factual allegations of the Complaint are assumed to be true. *See* Section II, *infra.*

[4] Pattanayak states that Mastercard is incorporated in New York (Pl. Brf. at 1), while Defendant states it is incorporated in Delaware (Def. Brf. at 2). I need not resolve that issue; for the purposes of this motion, what is relevant is that Mastercard is not incorporated in New Jersey.

Pattanayak to receive a poor year-end review, and that Pattanayak's annual bonus was severely reduced. (Compl. ¶¶ 13, 14, 16.) He was denied accommodations based on a chronic medical condition, and his division was severely understaffed, which exacerbated the medical condition. (Compl. ¶¶ 22, 24.) Pattanayak alleges that his line manager referred to him as being treated by leadership as the "red-headed stepchild." (Compl. ¶ 26.) Pattanayak reported multiple instances of harassment and discrimination to the company but no action was taken. (Compl. ¶¶ 17-18.) On August 18, 2018, Pattanayak was terminated without cause and without any severance package, unemployment compensation, out-placement services, medical insurance, or an annual bonus. (Compl. ¶¶ 32, 37.)

The complaint alleges four counts for violations of the New Jersey Law Against Discrimination ("NJLAD"). (Compl. ¶¶ 10-18.) Pattanayak originally filed suit in the Superior Court of New Jersey. (Compl.) Mastercard then removed the action to this Court. (DE 1.)

## II.     Standard of Review

Once a defendant moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). Initially, a court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff. *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). Where factual allegations are disputed, however, the court must examine any evidence presented. *See Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990) ("A Rule 12(b)(2) motion ... is inherently a matter which requires resolution of factual issues outside the pleadings.... Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." (citation omitted)). If the district court does not hold an evidentiary hearing, "the plaintiff need only

establish a prima facie case of personal jurisdiction.*" O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

### III. Discussion

#### a. Personal Jurisdiction

Mastercard has moved to dismiss on the basis that the Court does not have personal jurisdiction over it. The district court undertakes a two-step inquiry to assess whether it has personal jurisdiction over a party. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 259 (3d Cir. 1998). First, the court is required to use the relevant state's long-arm statute to see whether it permits the exercise of personal jurisdiction. *Id.* Second, "the court must apply the precepts of the Due Process Clause of the [federal] Constitution." *Id.* Here, the first step collapses into the second, because "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. 4:4-4(c)). Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court if the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are two kinds of personal jurisdiction: specific and general. Specific jurisdiction relies on the corporate defendant's forum-related activities that give rise to the plaintiff's claims; general jurisdiction applies where the defendant corporation's contacts with the forum are so extensive as to render it "at home" in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n.8 (1984).

For specific jurisdiction, a plaintiff's cause of action must directly relate to the defendant's contact with the forum state—here, New Jersey. Three elements are used to evaluate specific jurisdiction:

> First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985) (quotation marks omitted).
>
> Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros,* 466 U.S. at 414, 104 S. Ct. 1868; *Grimes v. Vitalink Commc'ns Corp.,* 17 F.3d 1553, 1559 (3d Cir.1994).
>
> And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King,* 471 U.S. at 476, 105 S. Ct. 2174 (quoting *Int'l Shoe,* 326 U.S. at 320, 66 S.Ct. 154).

*O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F. 3d 312, 317 (3d Cir. 2007) (line breaks added).

Here, Pattanayak concedes that Mastercard is not subject specific jurisdiction. (Pl. Brf. at 9 ("Plaintiff does not suggest that Defendant is subject to specific jurisdiction in New Jersey.")) The complaint alleges that Pattanayak was hired in Mastercard's New York offices and then later transferred to Singapore. (Compl. at ¶ 2,3.) No supervisor was based in New Jersey, no alleged act of discrimination took place in New Jersey, and Pattanayak was never employed in a New Jersey office. The litigation does not arise out of activities which Mastercard purposefully directed at the forum, and Mastercard is thus not subject to personal jurisdiction in New Jersey in this action.

I therefore turn to general jurisdiction:

> *Goodyear* [*Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct. 2846 (2011)] made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." 564 U.S., at ——, 131 S.Ct., at 2853–2854 (citing Brilmayer et al., A General Look at General Jurisdiction, 66 Texas L.Rev. 721, 728 (1988)). With respect to a corporation, the place of incorporation and principal

5

> place of business are "paradig[m] … bases for general jurisdiction." *Id.*, at 735. *See also* Twitchell, 101 Harv. L.Rev., at 633. Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. *Cf. Hertz Corp. v. Friend*, 559 U.S. 77, 94, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010) ("Simple jurisdictional rules . . . promote greater predictability."). These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims.

*Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 760 (2014).

Mastercard is incorporated in a state other than New Jersey[5] and has its principal place of business in New York. (Compl. ¶ 1; Def. Brf. at 2.) Because Mastercard is neither incorporated nor has its principal place of business in New Jersey, the only way for this court to exercise general personal jurisdiction is to find that Mastercard's contacts with New Jersey "are so 'continuous and systematic' as to render [Mastercard] essentially 'at home' in the forum state." *Daimler AG*, 571 U.S. at 139.

In his opposition brief, Pattanayak argues that Mastercard has continuous and systematic contacts with New Jersey, even if Mastercard has no offices in the forum state. (Pl. Brf. at 9.) In support, he states the following: Mastercard "engages in significant business" with New Jersey and "derives a significant portion of its revenue from Financial Institutions, many of which are in New Jersey." (Pl. Brf. at 10.) Mastercard "works with New Jersey operating Financial Institutions to enable thousands of New Jersey businesses to accept payments on Mastercard branded cards." (Pl. Brf. at 10.) Mastercard created the New Jersey Debit Mastercard, a prepaid debit card designed to facilitate child support payments in this State. (Pl. Brf. at 11.) Mastercard "often sends personnel based from its New York office to work with customers" and employs New Jersey residents who "often work from home." (Pl. Brf. at 11, 3.) In his preliminary statement, Pattanayak references the idea that Mastercard serves areas without Mastercard offices via "extensive business travel of employees as

---

[5] *See* n.4, *supra.*

6

well as virtually/remotely via phone and internet." (Pl. Brf. at 2.) Finally, Pattanayak argues that Mastercard submitted to general jurisdiction by registering with the Division of Revenue and Enterprise Services. (Pl. Brf. at 11.)

The relevant inquiry is not whether a "corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" *Daimler AG*, 571 at 138–39 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). These facts, whether considered alone or together, do not give rise to any reasonable inference that Mastercard is virtually "at home" here.

Mastercard's registration in this state does not confer general jurisdiction. As Pattanayak points out, two cases, *Otsuka* and *Bane*, would suggest that registration qualifies as consent to be sued in New Jersey. (Pl. Brf. at 10-11 (citing *Otsuka Pharm. Co. v. Mylan Inc.*, 106 F. Supp. 3d 456, 468 (D.N.J. 2015); *Bane v. Netlink Inc.*, 925 F.2d 637, 640 (3d Cir. 1991)). I believe that *Daimler* has superseded the reasoning of those cases, and I therefore decline to follow them. Rather, I follow the lead of Judge Arleo's reasoning in the more recent case of *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 179 (D.N.J. 2016). Indeed, I only recently explained my reasons for doing so:

> [There are] two key reasons for declining to follow *Otsuka* and *Bane*. First, they cannot be squared with *Daimler*. If business registration alone is sufficient to confer jurisdiction, then "*Daimler*'s limitation on the exercise of general jurisdiction to those situations where 'the corporation is essential[ly] at home' would be replaced by a single sweeping rule: registration equals general jurisdiction." *Display Works*, 182 F. Supp. 3d at 179. Second, *Daimler* aside, *Bane* is distinguishable because the Pennsylvania statute there explicitly provided that registration meant consent to jurisdiction, while the New Jersey statutes do no such thing. *Id.* at 174–78.

*Kim v. Korean Air Lines Co.*, Civ. No. 20-03636, 2021 WL 129083, at *3 (D.N.J. Jan. 14, 2021). Mastercard's registration in New Jersey therefore does not

confer general jurisdiction. *See Ferguson v. Aon Risk Servs. Co.*, Civ. No. 19-9303, 2020 WL 914702, at *5 (D.N.J. Feb. 26, 2020) (holding that registration alone does not confer general jurisdiction); *Horowitz v. AT&T Inc.*, Civ. No. 17-4827, 2018 WL 1942525, at *12 (D.N.J. Apr. 15, 2018) (same).

True, *Goodyear* left open the possibility that a corporation could be at home in some state other than where it is incorporated and where it has its principal place of business. Such a case, however, would be truly "exceptional," and this is not that exceptional case. To find Mastercard subject to general jurisdiction in New Jersey, based on the facts Pattanayak has alleged, would be tantamount to finding Mastercard is subject to general jurisdiction in every state. That is not the intent of the doctrine. *See Daimler AG,* 571 at 761(stating that an approach that "approve[s] the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business … is unacceptably grasping.") (internal citation and quotation omitted).

Because this Court does not have specific or general jurisdiction over Mastercard, any claims against it must be dismissed for lack of personal jurisdiction. Because this dismissal is entered on grounds of lack of jurisdiction, it is without prejudice.

### b. Jurisdictional Discovery

A plaintiff bears the burden of proof that either specific or general jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2001). That said, a court will assist the plaintiff in proving jurisdiction "by allowing jurisdictional discovery" where appropriate. *Kirkwood v. Brenntag N. Am., Inc.*, 2020 U.S. Dist. LEXIS 55104 at *14 n.3 (D.N.J. Mar. 30, 2020) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).

At the pleading stage, a plaintiff need only present "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between the party and the forum state,' such that [its] claim is not clearly frivolous." *Id.* (quoting *Toys "R" Us*, 318 F.3d at 456). *See also*

*Toys "R" Us*, 318 F.3d at 456 (jurisdictional discovery granted where "a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state'") (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). A grant of jurisdictional discovery lies within a district court's discretion, guided as always by the relevant legal standards. *SoftwareArt Corp. v. Satyajit Gopalakrishnan*, 2008 U.S. Dist. LEXIS 55708 at *7 (D.N.J. July 22, 2008) (citing *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)); *Rakoff v. St. Clair, CPAS, P.C.*, 2013 U.S. Dist. LEXIS 33710 at *26 (jurisdictional discovery should be "freely granted" and its scope is firmly within a district court's discretion).

Pattanayak's case for general jurisdiction lacks the requisite reasonable particularity. Pattanayak has provided no sense of the relevant jurisdictional facts discovery might uncover. It amounts to little more than a bare request for an opportunity to "better evaluate" Mastercard's "potential contacts" with New Jersey. (Pl. Brf. at 13.) Within my discretion, I have determined that there is not enough smoke here to suggest the presence of fire; I will deny jurisdictional discovery. I repeat, however, that a jurisdictional dismissal is without prejudice.

Having found that the Court lacks personal jurisdiction over Mastercard, I do not reach Mastercard's other proffered bases for dismissal.

### c. Transfer

One matter remains. A court that lacks personal jurisdiction has two discretionary options: (a) dismiss the case without prejudice, or (b) transfer venue to a district which can assert jurisdiction over the defendant.

A Court that finds it lacks personal jurisdiction "shall, if it is in the interest of justice, transfer such action . . . to any other court . . . in which the action . . . could have been brought." 28 U.S.C. § 1631; *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 109 (3d Cir. 2009). The transferee court must have subject matter jurisdiction, venue, and personal jurisdiction. *Am. Fin. Res., Inc.*

9

*v. Smouse*, 2018 WL 6839570 at *5 (D.N.J. Dec. 31, 2018). A district court which "lacks personal jurisdiction must at least consider a transfer." *Dansiger & De Llano, LLP v. Morgan Verkamp, LLC*, 948 F.3d 124, 131 (3d Cir. 2020).

Determining where the interest of justice lies is left to my discretion, *Philips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999); *Roberts v. United States*, 710 F. App'x 512, 514 (3d Cir. 2017) (per curiam). When jurisdiction is clearly available in another court, however, "[n]ormally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *SM Fin. Servs. Corp. v. Blue Cross Blue Shield of Tex.*, 2020 WL 7869213 at *2 (D.N.J. July 16, 2020). Indeed, transfer often has the advantage over dismissal because it provides the benefit of maintaining continuity and avoiding litigation over whether the refiled action is time-barred. *Kim v. Korean Air Lines Co.*, 2021 WL 129083 at *9 (D.N.J. Jan. 14, 2021); *see also Kurzweil*, 2020 WL 5760423 at *4.

A federal district court within the state of New York might be an appropriate alternative forum. I will not transfer venue, however, until I have heard from the parties. Therefore, the accompanying order will be stayed for 14 days. During that time, the parties shall make letter submissions stating their positions as to whether the action should be dismissed or transferred, and, if transferred, to which district.

### IV.  Conclusion

Defendant's motion to dismiss (DE 6) is granted.  An appropriate order follows.

Dated: March 12, 2021

/s/ Kevin McNulty
_____
Kevin McNulty
United States District Judge